**Amal Ghannam GUSTAFSON, an individual, Plaintiff–Appellant,**

v.

**SUNTRUST MORTGAGE, INC., a Virginia Corporation, Defendant–Appellee.**

No. 13–56270.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2015.

Filed July 24, 2015.

Michael Lewis Poole, Law Office of Michael Poole, Sherman Oaks, CA, for Plaintiff–Appellant.

Bryan Leifer, Robert R. Yap, Esquire, Akerman Senterfitt LLP, Los Angeles, CA, for Defendant–Appellee.

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Amal Gustafson appeals the district court's orders denying her motion to remand and dismissing her suit for failure to file a timely opposition. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Gustafson first argues that the district court erred in denying her motion to remand her case to state court. We disagree. Fairly read, Gustafson's state-court complaint stated that she sought "restitution 'for all sums received by Defendant with respect to the mortgages, including, without limitation, interest payments, fees, and premiums received upon selling the mortgages at an inflated value.'" The district court did not err, on the basis of this language, in concluding that Gustafson placed in controversy the value of all the mortgage payments she had made to date, nor in concluding that that sum was over $75,000.

Gustafson also argues that the district court abused its discretion in dismissing her suit for failure to file a timely opposition. We disagree. Although we agree that SunTrust was not materially prejudiced by Gustafson's failure to file a timely opposition, and that other remedies might have been available, we will not reverse the district court's dismissal for failure to comply with local rules without "a definite and firm conviction that the court below committed a clear error of judgment." *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992). Although the district court

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

may have been somewhat overzealous in enforcing the local rules, we see no "clear error of judgment" here. *See Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir.1995) (per curiam). Gustafson had previously violated a different local rule, which violation the district court had excused. Further, although the docket indicates that Gustafson filed her opposition before the court's dismissal order was docketed, the text of that order makes clear that, at the time the court wrote the order, Gustafson had not responded to the motion to dismiss at all. Under these circumstances, the court acted within its discretion.

AFFIRMED.[1]

---

1. Defendants' Motions for Judicial Notice are hereby DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.